# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-285-RWS |
| | ) | |
| MICHAEL MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's second amended complaint [Doc. #9], filed in response to the June 2, 2015 Memorandum and Order [Doc. #7], which is adopted and incorporated herein by reference. *See* 28 U.S.C. § 1915. For the reasons set forth below, the Court will issue process on plaintiff's First Amendment retaliation claims as to all five defendants in their individual capacities.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950-52. Moreover, the Court must give the complaint the

2

benefit of a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), and weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Second Amended Complaint**

Plaintiff, an inmate at the Crossroads Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations he sustained while incarcerated at the Potosi Correctional Center ("PCC"). The Court notes that, inexplicably, plaintiff's second amended complaint consists of two separate complaints, each prepared on a court-provided form. The first of said pleadings is docketed as Document #9, pages 1-15, and bears cause number 4:15-CV-285-RWS; the second is docketed as pages 16-34 and bears no cause number in the caption. This is not what the Court ordered plaintiff to do.

Rather than dismiss this action for failure to comply with the Court's June 2 Order, the Court will liberally construe the first of the two second amended complaints (i.e., Doc. #9, pages 1-15) as plaintiff's responsive pleading. The second of the two amended complaints will be stricken from the record (i.e., Doc. #9, pages 16-34), and if plaintiff wishes to pursue the claims set forth therein, he must submit the pleading to the Court along with the documents necessary for

filing a new civil action, including the filing fee or a motion for leave to proceed in forma pauperis and certified inmate account statement.

In the second amended complaint now before the Court [Doc. #9, pages 1-15], plaintiff names five PCC employees as defendants: Michael Miller, Jason Crawford, Dorrain Johnson, Carl Gravett, and Stanley Pruett. Plaintiff claims that defendants violated his First Amendment right "to redress grievance[s] and lawsuit[s]" when they retaliated against him for having filed the civil rights actions, Taylor v. Miller, No. 1:11-CV-174-SNLJ (E.D. Mo.) and Taylor v. Hull, No. 4:13-CV-1065-CEJ (E.D. Mo.). More specifically, plaintiff claims that defendants' retaliatory conduct consisted of making him switch housing units, taking his Koss headphones, confiscating legal documents, damaging a watch, conducting cell searches that left plaintiff's cell "in total disarray," intentionally dropping plaintiff's typewriter to impede his efforts in pursuing his legal claims and refusing to allow plaintiff to repair the typewriter, taking plaintiff's postage stamps, allowing another inmate to steal plaintiff's personal property, giving plaintiff bogus disciplinary charges, and taking plaintiff's winter coat and refusing to send him additional clothing. Plaintiff states that had he not filed the lawsuits, he would not have suffered these constitutional violations. In addition, plaintiff generally states that defendants were engaged in a conspiracy against him and that

"a policy or custom of the employer was responsible for the alleged constitutional violation[s]." Last, plaintiff states that this Court has supplemental jurisdiction over his state law claims, which are unspecified. Plaintiff is suing defendants in their individual and official capacities.

## Discussion

### 1. Official Capacity Claims

Plaintiff is suing defendants in both their official and individual capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. Moreover, plaintiff's conclusory claims of "policy or custom" are legally frivolous and will be dismissed. See Iqbal, 556 U.S. at 677-78 (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). For these reasons, the second amended complaint is legally frivolous and fails to state a claim upon which relief can be granted against defendants in their official capacities.

## 2. Individual Capacity Claims

The Court finds that plaintiff's First Amendment retaliation claims against all five defendants in their individual capacities state a claim for relief and are sufficient to proceed. As such, the Court will instruct the Clerk of Court to issue summons and process on these claims.

## 3. All Remaining Claims

To the extent that plaintiff is attempting to assert additional federal and/or state claims, they will be dismissed as conclusory and/or as legally frivolous and for failure to state a claim or cause of action. See 28 U.S.C. § 1915(e)(2)(B); Iqbal, 556 U.S. at 677-78 (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010) (conspiracy claim under § 1983 alleging violation of constitutional rights requires allegations of specific facts tending to show meeting of minds among alleged conspirators).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this action as <u>Samuel Lewis Taylor v. Michael Miller, Jason Crawford, Dorrain Johnson, Carl Gravett, and Stanley Pruett</u>.

**IT IS FURTHER ORDERED** that the second of the two second amended complaints [Doc. #9, pages 16-34] is **STRICKEN** from the record. If plaintiff wishes to pursue the claims set forth therein, he must resubmit the pleading to the Court along with the requisite documents necessary for filing a new and separate civil action, including the filing fee or a motion for leave to proceed in forma pauperis and certified inmate account statement.

**IT IS FURTHER ORDERED** that, with respect to plaintiff's First Amendment retaliation claims, the Clerk of Court shall issue process or cause process to issue on the second amended complaint [Doc. #9, pages 1-15] as to all five defendants in their individual capacities.

**IT IS FURTHER ORDERED** that all remaining federal and/or state claims against defendants are **DISMISSED** without prejudice. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to the second amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of September, 2015.

                                               UNITED STATES DISTRICT JUDGE