UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CV 285 RWS |
| | ) | |
| MICHAEL MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Pro se plaintiff Samuel Lewis Taylor has filed a motion for sanctions and a motion to appoint counsel. I will deny both motions.

Taylor, an inmate at the Crossroads Correctional Center, brings First Amendment retaliation claims under 42 U.S.C. § 1983. Taylor was previously incarcerated at the Potosi Correctional Center and sues five Potosi employees: Michael Miller, Jason Crawford, Dorine Johnson, Carl Gravett, and Stanley Pruett. Defendants moved for summary judgment; that motion is pending. Taylor filed a response in opposition to the motion for summary judgment along with a statement of controverted material facts and multiple exhibits. On the same day, he filed these motions for sanctions and appointment of counsel.

Taylor argues Defendants should be sanctioned under Federal Rule of

Civil Procedure 11 because they have submitted "deceptive documents" to this Court, namely, Defendant Crawford's responses to Taylor's interrogatories.[1] Taylor complains Crawford deceived this Court by responding "[n]one that I am aware of" to a question asking whether any other prisoners had filed grievances or other complaints about him damaging their property. Taylor asserts this is false because Crawford was sued by another inmate for claims similar to his. See Doc. 27, at 18, and Doc. 29, at 3.[2]

Courts may impose sanctions for violations of Federal Rule of Civil Procedure 11, which states that "[b]y presenting to the court a pleading, written motion, or other paper," an attorney or unrepresented party certifies that to the best of the person's knowledge, the information and arguments in the document are not presented for any improper purpose, are warranted or nonfrivolous, and have or will likely have evidentiary support. See Fed. R. Civ. P. 11(b)–(c). Rule 11 does not apply to the signing of discovery responses, including answers to interrogatories. See Fed. R. Civ. P. 11(d) and 26(g) advisory committee's note (1983 amend.). Even if I liberally construe Taylor's motion as a motion for sanctions under Rules 26(g) or 37, Taylor's disagreement in this case with

---

[1] Taylor also indicates he disagrees with the veracity of a statement Crawford may have made in an interrogatory in a state court lawsuit, which is not relevant to the question of sanctions here.

[2] Though his motion does not clearly explain this point, Taylor noted in the motion that he would "point out in plaintiff's affidavit to support summary judgment" what he perceived to be the "Defendants' intentional deceptiveness." See Doc. 29, at 1.

2

Crawford's answer to one interrogatory question does not warrant sanctions under either rule.

Taylor also moves for appointment of counsel, arguing Defendants' "deceptiveness" and the complexity of the issues in the case warrant it. There is no constitutional or statutory right to appointed counsel in civil cases. See Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). In determining whether to appoint counsel, courts consider several factors, such as the factual and legal complexity of the case, the ability of the plaintiff to investigate the facts and present his claim, and the existence of conflicting testimony. See id. After considering these factors, I find appointment of counsel is not warranted at this time. Taylor has not made any showing of Defendants' alleged deceptiveness. The progression of the litigation so far indicates Taylor can investigate and present his claims. Taylor expresses concern about his ability to attend conferences or present evidence and cross-examine witnesses at trial. I will deny the motion without prejudice to Taylor renewing the motion if the case is set for trial or the circumstances otherwise warrant it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Samuel Lewis Taylor's Motion for Sanctions #[29] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Samuel Lewis Taylor's Motion to Appoint Counsel #[30] is **DENIED** without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2016.