UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CV 285 RWS |
| | ) | |
| MICHAEL MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Samuel Lewis Taylor filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Taylor, an inmate at the Crossroads Correctional Center, brought First Amendment retaliation claims under 42 U.S.C. § 1983 against employees of the Missouri Department of Corrections employed by the Potosi Correctional Center, where Taylor was formerly incarcerated. On February 8, 2017, I granted defendants' motion for summary judgment. Taylor now asks that I reconsider my order and set the case for trial.[1] Defendants have not filed any response. I will deny the motion.

Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v.*

---

[1] Taylor certified that he placed the motion in the prison mailbox on March 3, 2017. As a result, I will consider the motion timely even though it was not received by the Court until March 13, 2017. *See* Fed. R. Civ. P. 59(e).

*Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks omitted). "Such motions do not allow a party to re-litigate matters previously resolved by the court or to raise arguments or present evidence that could have been presented prior to the entry of judgment, unless good cause is shown for such failure." *Smith v. Wallace*, 2016 WL 6962817, at *1 (E.D. Mo. Nov. 29, 2016) (citing *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013)).

After reviewing Taylor's motion, I conclude that it fails to point to any manifest errors of law or fact or to any newly discovered evidence. The motion primarily revisits old arguments—each of which I considered carefully when deciding summary judgment—or mentions other alleged incidents without providing good cause for the failure to raise them prior to the entry of judgment. Taylor claims I ignored his evidence and erred in granting summary judgment for his alleged failure to exhaust administrative remedies on his complaint about his Koss headphones, but I did not grant summary judgment on that basis. Rather, I concluded that even if defendants misled Taylor by telling him he would receive new headphones, and even if that behavior excused Taylor from failing to exhaust administrative remedies, defendants were still entitled to summary judgment on that claim because Taylor failed to

provide any evidence of retaliatory motive.

Because Taylor's motion does not point to any manifest errors of law or fact or to any newly discovered evidence, he is not entitled to relief under Rule 59(e). *See Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Samuel Lewis Taylor's Motion for Reconsideration Under Rule 59(e) #[42] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2017.